IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT MATE TAYLOR | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION: 15-0465-KD-C |
| LEE L. HALE, JR., | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

Plaintiff Robert Mate Taylor, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and General L.R. 72(a)(2)(R).  It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the plaintiff has failed to state a claim upon which relief may be granted.

I.      **Complaint.**

Plaintiff Taylor brings this suit against his defense attorney Lee Hale, Jr. ("Hale").  Taylor complains he received ineffective counsel on September 15, 2015, during his jury trial in Mobile County, Alabama, Circuit Court.[1] (Doc. 1 at 4).  Taylor maintains that Hale failed to allow him to testify at his trial and used

---

[1]     Plaintiff Taylor faced charges of first-degree arson and attempted murder.  (See S.D. Ala. Case Numbers 14-cv-113-CB-M (Doc. 1; filed March 12, 2014) and 15-cv-81-KD-N (Doc. 1; filed February 13, 2015).  *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (stating courts may take judicial notice of its records).

Taylor's medical records against him at trial. (*Id*.). Taylor is suing to obtain the transcripts and/or documents related to his state court criminal case. (*Id*.).

## II.     Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 1915(e)(2)(B). A complaint may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) when it fails to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, Plaintiff's allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652

(1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

III.  **Discussion.**

Plaintiff has brought his suit pursuant to 28 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order "[t]o sustain a cause of action based on section 1983, [a plaintiff] must establish two elements: (1) that [he] suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States, and (2) that the act or omission causing the deprivation was committed by a person acting under color of law." *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) (internal quotations and citation omitted). For a defendant's actions to be under color of state law,

3

such conduct must be "fairly attributable to the State," which in turn requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citation omitted).

"Only in rare circumstances can a private party be viewed as a 'State actor' for section 1983 purposes." R*ayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *Harvey*, 949 F.2d at 1130). Indeed, a private entity can qualify as a "state actor" under § 1983 only if one of the following three tests is satisfied: (a) a "state compulsion test," wherein the state has coerced or significantly encouraged the violative conduct; (b) a "public function test," wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and (c) a "nexus/joint action test," wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise. *Rayburn*, 241 F.3d at 1347; *see also Green v. Abony Bail Bond*, 316 F.Supp.2d 1254, 1259-60 (M.D. Fla. 2004). The "state actor" determination must be made on a case-by-case basis. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

In the instant complaint, Plaintiff avers that defendant attorney Lee Hale, Jr. mislead him, failed to allow him to testify at trial, and used his medical records against him at trial, thereby rendering ineffective assistance of counsel. (Doc. 1 at 4). Defendant Hale, acting as Taylor's defense attorney, is clearly considered a private entity. Taylor makes no claims attributing or connecting Hale's conduct to the state. Therefore, in the absence of a conspiracy with a state official, criminal defense counsel, whether retained or court-appointed, does not

4

act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L.Ed.2d 509, 521 (1981) (public defender) ('Once a lawyer has been undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program.') (citation omitted); *Burns v. Jorandby*, 332 F. App'x 602 (11th Cir. 2009) (public defender does not act "under color of state law."); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1979), *modified*, 583 F.2d 779 (5th Cir. 1978) (retained counsel) ("Private counsel does not act under color of law.  In the absence of an actionable conspiracy, [private counsel] cannot be held liable under the Civil Rights Acts.") (citation omitted).[2]  Because Taylor has failed to state a conspiracy claim, he is foreclosed from establishing that Hale was acting under color of state law.

Taylor has failed to establish a necessary element of his § 1983 claim, that Defendant Hale effectuated the alleged constitutional deprivation while acting under color of state law; therefore, it is recommended that the claims against Hale be dismissed without prejudice because Plaintiff has failed to state a claim under § 1983.[3]

IV.   **Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §

---

[2]   *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3] To the extent Plaintiff claims that Defendant denied his right to the effective assistance of counsel pursuant to the Sixth Amendment, such a claim may only be brought under 28 U.S.C. § 2254 after the exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

1915(e)(2)(B)(ii) because Plaintiff has failed to state a claim upon which relief may be granted.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 10th day of November 2015 .

s/WIILIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE